660 P.2d 73

**The STATE of Idaho,
Plaintiff-Respondent,**

v.

**Victor Donald WILDE,
Defendant-Appellant.**

**No. 14414.**

Court of Appeals of Idaho.

March 8, 1983.

Laird B. Stone, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Stephen J. Gledhill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Upon a plea of guilty, Victor Donald Wilde was convicted of second degree murder. He was sentenced to an indeterminate term of life in custody of the Board of Correction. On appeal, he urges that his guilty plea should not have been accepted. He also contends that the sentence imposed was excessive, and that the sentence was defective for failure to specify a minimum term. We affirm the judgment of conviction and the sentence.

Wilde makes no specific challenge to the validity of his guilty plea. Rather, he invites a general review of the record to determine whether the district court complied with standards governing acceptance of guilty pleas. The applicable standards are set forth in I.C.R. 11(c) and in *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976). *See also Schmidt v. State,* 103 Idaho 340, 647 P.2d 796 (Ct.App.1982). These standards need not be elaborated here. Our examination of the record reveals that the district judge conscientiously inquired upon all points covered by the standards. The judge also specifically ascertained that the plea was not based upon any promises, and he informed Wilde that the court would not be bound by sentencing recommendations based upon plea negotiations. We hold that Wilde's plea of guilty was validly made and that it was properly accepted.

With respect to the sentence imposed, our standard of appellate review is found in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In that case we said that if a sentence is within the statutory maximum, it will not be deemed excessive unless the appellant shows that, under any reasonable view of the facts, the term of confinement is longer than appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. For the purpose of appellate review, we deem the date of first parole eligibility to be the benchmark for measuring the term of confinement imposed by an indeterminate sentence.

In the present case, the indeterminate life sentence was within the maximum penalty authorized by statute for second degree murder. I.C. § 18–4004. On the question of whether Wilde has shown the sentence to be excessive, we note that a copy of the presentence report has not been provided to us. It is the appellant's obligation to furnish an adequate record on appeal for review of a sentence. *E.g., State v. Wolf,* 102 Idaho 789, 640 P.2d 1190 (Ct.App.1982). Our review here is confined to facts disclosed by a transcript of the sentencing hearing.

It appears that Wilde was sixty-one years of age at the time of the sentencing, and in poor health. He possessed employment skills and presented some character references. However, he had previously served a prison sentence in Wyoming for another homicide. In the instant case, the record indicates that Wilde killed a female acquaintance, by shooting her twice at close range, after she threatened to claim that he had raped her. The prosecution recommended a fixed sentence of fifteen years. The defense requested a term of ten years, presumably intending that the sentence be indeterminate.

Upon these facts, the district judge found Wilde to be a "very dangerous man." Addressing Wilde in open court, the judge observed that "whether you set out in the beginning to hurt other people or not, you have shown a capacity to—to kill...." The judge concluded that an indeterminate life sentence "is the appropriate one to reflect the seriousness of this offense and the danger I believe you do pose even in the future if you are at any point a free man."

Under I.C. § 20–223, Wilde will become eligible for parole consideration when he has served ten years of his sentence. From our review of the record we conclude that, upon any reasonable view of the facts, a term of ten years' confinement would not exceed the minimum period necessary to protect society from Wilde's conduct, or to serve society's interests in deterrence and retribution. Accordingly, we hold that the sentence is not excessive.

Finally, Wilde has argued that the sentence was defective because it failed to specify a minimum term of confinement. However, I.C. § 19–2513 has abolished any requirement that a minimum period of imprisonment be prescribed when an indeterminate sentence is imposed. We conclude that Wilde's contention is without merit.

The judgment of conviction and the sentence are affirmed.