693 P.2d 1069

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dale LAWRENCE, Defendant-Appellant.**

**No. 15309.**

Court of Appeals of Idaho.

Dec. 13, 1984.

Alan E. Trimming, August H. Cahill, Jr., Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Boise, for plaintiff-respondent.

PER CURIAM.

Upon pleas of guilty, Dale Eugene Lawrence was convicted of two counts of lewd conduct with a minor under age sixteen. I.C. § 18–6607. Following a sentencing hearing, Lawrence was sentenced to the custody of the State Board of Correction to serve a fifteen-year fixed term on each count. The sentences were ordered to run concurrently. Lawrence contends on appeal that the district court abused its discretion by imposing the fifteen-year sentences. We affirm.

A sentence within the statutory maximum will not be disturbed on appeal unless the appellant demonstrates an abuse of discretion. *State v. Cotton*, 100 Idaho 573, 602 P.2d 71 (1979). Abuse of discretion occurs if a sentence imposed is unreasonable, but a sentence is reasonable if it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

When the two fixed sentences involved here were imposed, the district judge discussed the goals sought in imposing a prison sentence. The judge indicated the need to protect society was the paramount consideration in this case because the prospect of Lawrence being rehabilitated was "poor." The district judge's observation is consistent with our view of the record on appeal. The first count on which Lawrence was convicted involved a thirteen-year-old friend of his twelve-year-old step-daughter. Count two involved an encounter with his step-daughter. Another count involving the step-daughter was dismissed, as was a charge that Lawrence was a persistent violator. Lawrence admitted that he initiated numerous physical encounters with his step-daughter to satisfy his sexual gratification. The more serious contacts usually occurred when Lawrence was intoxicated, and he admitted to being an alcoholic.

Additionally, the record shows that, immediately preceding sentencing in this case, Lawrence had pled guilty in a neighboring county to a charge of attempted lewd and lascivious conduct with another minor under sixteen. Also, at the time of sentencing, there were two pending investigations involving charges of statutory rape against Lawrence in the State of Washington, concerning a six-year-old girl. At the completion of the presentence investigation in this case, the investigator concluded that "approximately ten child victims have been molested by the defendant since his release on parole in May 1981." Lawrence's prior felony record shows he had been convicted twice for forgery, once for rape, once for escape and he had served sentences in the Idaho State Penitentiary on three of those offenses. A psychiatric evaluation submitted as part of Lawrence's presentence report concluded:

> ... I see Dale as having really very little rehabilitation potential from a psychological perspective. His long term sociopathic adaptation and recently evidenced sexual deviant behavior, particularly the extent and manner of that behavior, have very poor prognostic implications, in my opinion. I think his potential for repeated acting out sexually with

young children is really quite good if he were to remain in a liberal set of social circumstances. He actually does reasonably well in a structured environment, and I think that is exactly what would be required to keep him from acting on some of his unreasonable sexual impulses.

The combination of Lawrence's conduct with minor girls, his prior felony record, and his psychiatric prognosis make this case sufficiently unique to cause the district judge to take the unusual step of imposing fifteen-year fixed sentences. Lawrence could have received a life sentence on each of his convictions in this case. *See* I.C. § 18–6607. It is possible that Lawrence will serve no more than ten years on these convictions by receiving a "good time" reduction. I.C. § 20–101A. *See State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct.App.1983). The question is whether, under any reasonable view of the facts, a term of ten years would exceed the period of confinement which appears necessary to protect society, and to accomplish deterrence, rehabilitation or retribution. *See State v. Toohill, supra.* Considering the urgent need to protect society from further similar conduct by Lawrence, and the remote possibility that Lawrence will be rehabilitated, we believe the fixed fifteen-year sentences are reasonable. We hold there was no abuse of discretion and the sentences are affirmed.