694 P.2d 1295

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Ray HERNANDEZ,
Defendant-Appellant.**

**No. 14190.**

Supreme Court of Idaho.

Sept. 26, 1983.

On Rehearing Feb. 5, 1985.

Steve C. Verby, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Darryl Marc Haws, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

PER CURIAM.

The defendant, Ray Hernandez, in a two-count information was charged, by Count I, that he "did willfully, knowingly, wrongfully, unlawfully, intentionally and feloniously force [a female, mention of whose name would serve no purpose] to commit fellatio," and by Count II, that he "did willfully, knowingly, wrongfully, unlawfully, intentionally and feloniously assault [that female] with the intent to commit the infamous crime against nature by threatening her with bodily harm and molesting her." Hernandez moved to dismiss the information on the basis that the statute under

which he was charged, I.C. § 18–6605,[1] was unconstitutional. That motion was denied by Judge Cogswell on the basis of *State v. Carringer*, 95 Idaho 929, 523 P.2d 532 (1974), in which it was held that I.C. § 18–6605 was not unconstitutionally vague *as applied* in that case where there was evidence of a *forcible* commission of a crime against nature, the details of which are readily available in the reported opinion.

The original information was superseded by an amended information which alleged merely a violation of the statute without the involvement of either force or threats charging simply a consensual act between the defendant and the female. The female has not been charged with such a violation. No constitutional challenge was made to the amended information, which superseded and rendered *functus officio* the first information. Simultaneously with the filing of the amended information, a "NEGOTIATED PLEA AGREEMENT" was filed, signed by counsel for both parties, whereunder the defendant agreed that he would plead guilty to the amended information and the State agreed it would recommend to the court that the defendant be placed on unsupervised probation for a period of two years and also recommend that the defendant be given a withheld judgment. In addition, and giving rise to this appeal, the prosecutor stipulated that the defendant in entering his plea did not waive his right to appeal and on the appeal challenge the constitutionality of the statute, I.C. § 18–6605.

On the same day that the amended information and negotiated plea agreement were filed, respective counsel and the defendant appeared in court and the defendant pleaded guilty. It does not appear that the court was asked to approve the negotiated plea agreement or that the court did

so. A presentence investigation and report was ordered. At the appointed time for sentencing, with everyone present, defense counsel questioned alleged discrepancies in the presentence report and the hearing was continued for four weeks. The defendant failed to appear at the appointed time and he was subsequently apprehended on a bench warrant. Thereafter, he was sentenced to an indeterminate term not to exceed three years in the penitentiary. This appeal followed.

The sole question presented on appeal is the alleged unconstitutionality of I.C. § 18–6605. This question was not presented to the district court as a challenge to the amended information, and, believing that we are not bound by the prosecutor's stipulation anymore than the district judge was bound by the negotiated plea agreement, we accordingly decline to address a question which was not urged below, noting that the defendant is not prejudiced from raising the alleged unconstitutionality of the statute in a post-conviction relief proceeding.[2]

Judgment *affirmed.*

SHEPARD and BAKES, JJ., concur in the result.

## ON REHEARING

BISTLINE, Justice.

Though still convinced that we were correct in our earlier decision in declining to be bound by the stipulation below which comtemplated our undertaking to decide a constitutional issue which had not been passed upon by the district court, the Court is now of the view that we should not have affirmed the judgment entered pursuant to that agreement, and that the defendant

---

1. I.C. § 18–6605 provides: "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years."

2. At oral argument counsel from the Attorney General's office assured the Court that the State

"would not bring a prosecution against married individuals under this particular statute [I.C. § 18–6605], because under the holdings of *Griswold* [*v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965)] and *Eisenstadt* [*v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972)] it would not be proper."

should be allowed to move for withdrawal of his guilty plea.

■■■ In *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court adopted the United States Fifth Circuit Court of Appeals' standard for determining the validity of guilty pleas. *Brady, supra,* at 755, 90 S.Ct. at 1472, citing *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc), *reversed on other grounds* 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958). That standard invalidates pleas based on "unfulfillable promises" of the prosecutor. *Brady, supra,* 397 U.S. at 755, 90 S.Ct. at 1472. It is therefore clear that if the defendant, in deciding to enter a plea of guilty to a criminal charge, has relied upon some promise or representation made by the prosecution, the State may not later either renege upon its promise or depend upon the courts to in essence relieve it from the terms of its voluntary agreement by ruling that a prosecutor's bargained-for promise is of no effect. If the defendant's plea is based upon a promise which cannot be met by the State, that plea may be withdrawn at the defendant's insistence. To rule otherwise would be to deprive criminal proceedings of their indispensable element of fairness and the state of its honor and credibility in all future such plea bargaining negotiations. "At stake is the honor of the government public confidence in *the fair administration of justice,* and the efficient administration of justice ... in a federal scheme of government." *United States v. Carter,* 454 F.2d 426, 428 (4th Cir.1972) (emphasis added). The fair administration of justice is squarely our responsibility.

, **[5]** In the present case, it was specifically stated in the negotiated plea agreement that "the prosecution stipulates that by the entry of this plea that the Defendant does not waive his right to appeal whether the statute to which he pleads guilty to is unconstitutional, having previously raised the issue." Negotiated Plea Agreement, p. 2. Given this stipulation, the defendant accordingly entered his plea of guilty. The defendant's reliance upon the state's representation that the defendant would be free on appeal to raise *all* of his objections to the statute's constitutionality was a reliance upon an "unfulfillable promise" by the state.

We note that the procedure followed by defense counsel and the prosecution was very nearly that encompassed by I.C.R. 11(2), which provides for conditional pleas of guilty. Specifically, the rule allows a defendant to enter a conditional plea of guilty and reserve in writing the right, on appeal from the judgment, to review any specified adverse ruling. Although this rule was not in effect at times here pertinent, such procedures had been utilized in other jurisdictions, of which such precedent counsel may have been aware.

The shortcoming of the agreement here entered into was only in the failure of the parties to provide for *first* obtaining the decision of the district court on the constitutionality of I.C. § 18–6605 before entering the conditional plea of guilty. The question of § 18–6605's constitutionality in a consensual context is different than one in which force is an element. Only where the trial court holds against the defendant on that issue would it be proper to enter a conditional plea of guilty. If the holding is in favor of the defendant, a conditional guilty plea would not be involved. Since the defendant did not know that this Court would not deem itself committed by the aforesaid stipulation, the defendant's guilty plea could not have been knowingly and intelligently made. Accordingly, the judgment of conviction is vacated and the cause remanded with directions that the district court allow the defendant an opportunity to move to withdraw his guilty plea.

DONALDSON, C.J., and McFADDEN, J., (pro tem), concur.

BAKES, Justice, dissenting:

The Court's opinion today is perplexing. In our original opinion issued on September 26, 1983, this Court affirmed the conviction of the defendant stating that, since "[t]he

sole question presented on appeal is the alleged unconstitutionality of I.C. § 18–6605 ... [and since] [t]his question was not presented to the district court as a challenge to the amended information, ... we accordingly decline to address a question which was not urged below ...." We then affirmed the judgment of conviction.

Today, on rehearing, the Court vacates the judgment of conviction on an issue that was not only not raised in the district court below, it was not raised in this Court on appeal. The respondent, who loses as a result of the Court's action today, has never even had an opportunity to brief or argue the issue decided by the Court today. One wonders how the Court can state in today's opinion that it is "still convinced that we were correct in [refusing] to decide a constitutional issue which has not been passed upon by the district court ...," and at the same time assert that it is correct in vacating this judgment of conviction on an issue which was neither raised before the district court nor before this Court on appeal.

In my view, the appropriate way to handle the withdrawal of the guilty plea by the defendant would be the same way we handled the constitutional issue in our original opinion filed September 26, 1983. We should merely note "that the defendant is not prejudiced from raising the alleged unconstitutionality of the statute *or the question of his right to move to withdraw his guilty plea because of a failed plea bargain* in a post conviction relief proceeding." *State v. Hernandez*, 1983 Opinion No. 132, filed September 26, 1983.

I would affirm the judgment of conviction.

HUNTLEY, J., concurs.