710 P.2d 665

STATE of Idaho, Plaintiff-Respondent,

v.

Cleveland GLANDON, Defendant-Appellant.

No. 15865.

Court of Appeals of Idaho.

Dec. 3, 1985.

Charles B. Lempesis, and Malcolm S. Dymkoski (Kootenai County Public Defend-

er's Office), Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and A. Rene' Fitzpatrick, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Cleveland Glandon was charged with one count of rape and three counts of lewd conduct with a minor under the age of sixteen. Pursuant to a plea bargain, Glandon pled guilty to two counts of lewd conduct and the remaining counts were dismissed. He received two concurrent and indeterminate twenty-five year sentences. The sole issue on appeal is whether these sentences are unduly harsh and therefore represent an abuse of sentencing discretion. We affirm the sentences.

The victim of the lewd conduct was Glandon's thirteen-year-old daughter. The counts to which Glandon pled guilty alleged that he had forced the girl to commit fellatio on him and to endure having her genitals licked by dogs. A presentence investigation disclosed that Glandon's sexual contacts with the girl began when she was about ten years old. Threats of physical harm were used to coerce her performance of sexual acts.

Glandon could have been sentenced to a maximum term of life imprisonment on each count. *See* I.C. § 18–6607 (now codified as I.C. § 18–1508). A sentence within the statutory maximum will not be disturbed on appeal absent a clear abuse of discretion. *State v. Dillon*, 100 Idaho 723, 604 P.2d 737 (1979); *State v. Adams*, 106 Idaho 309, 678 P.2d 101 (Ct. App.1984). A sentence of confinement represents an abuse of discretion if it is unreasonable; that is, if it exceeds the duration necessary to accomplish the primary goal of protection of society and the related goals of deterrence, rehabilitation or retribution. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). For the purpose of appellate review, we will treat one-third of the twenty-five-year indeterminate sentences as the measure of confinement. I.C. § 20–223. Thus, the question before

us is whether concurrent terms of confinement for eight and one-third years are reasonable.

Glandon argues that the sentences are excessive because the district court failed to take into account a history of alcohol and substance abuse, which led to the deviant behavior. He also contends that inadequate attention was paid to his rehabilitative potential. Finally, he notes that his record was free of recent prior felonies. It contains numerous misdemeanors over a twenty-year period. Felony convictions for grand theft, are listed in 1967 and 1971. When sentenced for the instant offenses, Glandon was thirty-seven years old.

As a result of a psychological evaluation, Glandon was diagnosed as a pedophile. His alcohol abuse was found to be in remission, but the use of marijuana was noted. His personality was described as "passive aggressive." Both the psychological examiner and the presentence investigator observed that Glandon's sexual contacts with the victim began at a time when he had been drinking heavily but continued after he attended an alcohol treatment program. The investigator informed the court that Glandon "regrets his part in the instant offense [sic] but is not willing to accept responsibility for his actions." The report recommended "that the defendant be incarcerated for a period of time that the court deems appropriate and that the court consider a retained jurisdiction to allow the defendant to complete the Sexual Offender Program at the North Idaho Correctional Institution." At the sentencing hearing, however, the prosecutor requested an indeterminate life sentence, characterizing Glandon as a recidivist and as a danger to society.

The district judge explained why he would not elect to retain jurisdiction in the case:

In viewing the record in this matter, the length of time this misconduct has gone on, the use of force and violence upon the girl, the threats of violence to her, the depravity of the acts performed, the

serious alcohol and drug abuse problems that are demonstrated, I am not convinced there is any genuine or real prospect of any change being made in this Defendant with[in] a 180 day period.

The judge also noted the impact of the offenses upon the victim:

I believe it is fair to infer that this Defendant, by his acts, probably destroyed this girl's pride, self respect and sense of self-worth .... [M]any times this type of problem, in effect, lies dormant, deeply buried within a person and may erupt many years later to cause very serious problems. It is hard to imagine from what I have mentioned here and of what is shown in these reports, that young girl could possibly, at this point, have much feeling of self-worth, pride, dignity; all of the very important things that most people look to for a sense of well-being, a sense of justifying their own existence.

In view of these comments, we are convinced that the judge carefully considered the need to protect society; that he considered retribution, in the sense of vindicating the victim's rights; and that he evaluated the defendant's rehabilitative prospects. Although the sentences pronounced are strict, we conclude that they were within the limits of the judge's sound discretion. Accordingly, the sentences are affirmed.