712 P.2d 717

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Norman Glenn RUTHERFORD, Defendant-Appellant.**

**No. 15954.**

Court of Appeals of Idaho.

Dec. 23, 1985.

Randy J. Stoker, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and A. René Fitzpatrick, Deputy Atty. Gen., for plaintiff-respondent.

**PER CURIAM.**

The appellant, Norman Rutherford, stands convicted of lewd conduct with a minor. He was originally sentenced to an indeterminate life term. On appeal we vacated the sentence due to the prosecutor's failure to comply with terms of a negotiated plea agreement, *State v. Rutherford*, 107 Idaho 910, 693 P.2d 1112 (1985). On remand, Mr. Rutherford was sentenced to a fixed term of twenty years. The sole issue in this appeal is whether the sentencing judge imposed an unduly harsh sentence. No contention is made that the sentence is illegal or vindictive.

■ The maximum penalty permitted for the crime of lewd conduct with a minor is a fixed life sentence. A sentence within the statutory maximum will not be disturbed on appeal unless sentencing discretion has been abused. A sentence of confinement is unreasonable, and constitutes an abuse of discretion, if it exceeds the minimum required—under any reasonable

view of the facts—to accomplish the primary objective of protecting society and any related goal of retribution, deterrence or rehabilitation applicable to the case. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). For purposes of appellate review, we will deem the duration of a fixed sentence to be the term of the sentence less the formula reduction available for good conduct under I.C. § 20–101A. *State v. Miller*, 105 Idaho 838, 673 P.2d 438 (Ct.App.1983). If Rutherford earns a formula reduction in his sentence for good conduct, he could be released after serving approximately thirteen and two-thirds years.

■ Against this backdrop we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). The offense in this case was the sexual molestation of a six-year-old girl. The molestation occurred during a period of approximately seven months while Rutherford was living with the victim's mother. Rutherford apparently threatened to harm the child if she told her mother of his conduct.

Rutherford has a record of criminal activity ranging from vagrancy and burglary to a prior conviction for lewd conduct. The presentence investigation report concluded that Rutherford "poses a serious threat to the community" by reason of his "uncontrollable sexual behavior." Similarly, a psychological evaluation resulted in a diagnosis that Rutherford was a pedophile who had no internal conflict about taking advantage of children. The evaluation predicted that Rutherford would very probably repeat this behavior if given the opportunity and that the prognosis for his improvement was "extremely poor."

■ The sentencing judge concluded from the foregoing information that Rutherford posed a serious threat and that it was necessary to incarcerate him for a lengthy period of time to protect society from his criminal activity. For this reason he chose to impose a fixed rather than

indeterminate sentence. The judge's reasoning is sound. We hold that the district judge did not abuse his discretion. Accordingly, the sentence contained in the judgment of conviction is affirmed.