716 P.2d 1353

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Irvin Elmer VAN NEWKIRK,
Defendant-Appellant.**

No. 16128.

Court of Appeals of Idaho.

March 21, 1986.

John K. Gatchel, Payette, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Following a plea of guilty, Irvin Van Newkirk received an indeterminate life sentence for the offense of lewd conduct with a minor child under the age of sixteen.

I.C. § 18–1508. On appeal, he contends the district court abused its sentencing discretion. We affirm.

Van Newkirk's contention that an abuse of sentencing discretion occurred is based upon two assertions. First, he argues that the district court failed to consider all of the established objectives of sentencing.[1] He also urges that an abuse of discretion is evidenced by the length of the sentence in his case. We will address each of these positions in turn.

■ Van Newkirk argues that the court ordered the life sentence solely as punishment and that the court failed to consider other criteria relevant to sentencing: (1) the protection of society; (2) deterrence of the individual and of others; and (3) the possibility of rehabilitation.

The charge against Van Newkirk was that he had engaged in a variety of sexual acts with his twelve-year old daughter for several months preceding March 16, 1985. Information presented to the district court at Van Newkirk's sentencing proceeding showed that Van Newkirk, age thirty-seven, in fact had been engaging in sexual activity with the victim for several years— since she was at least four or five years old. After reviewing Van Newkirk's presentence report, hearing statements and recommendations from the prosecutor, from Van Newkirk's attorney, and from Van Newkirk himself, the court pronounced the sentence. The court reviewed possible programs available both to offenders and to victims involved in sexual abuse. The court reflected on a rehabilitation and probation plan proposed by Van Newkirk to start a new life with a woman Van Newkirk recently had become acquainted

1. Our Supreme Court has stated that the four objectives of criminal punishment are: (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrong doing. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). The Court also has stated:

> The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are,

and must be, subservient to that end. Important as are the humanitarian considerations affecting the accused, his family and other relatives, and the importance to society of rehabilitation itself, such considerations cannot be allowed to control or defeat punishment, where other factors are ignored or subordinated to the detriment of society.

*State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

with and who had two minor girls of her own, ages twelve and fifteen. The court reviewed the nature and extent of Van Newkirk's sexual involvement with his own daughter, the victim. The court accepted Van Newkirk's acknowledgement that what he had been doing to his daughter was "sick." The court then determined:

> Rehabilitation is one of the—one of the factors involved in—in sentencing sometimes, and maybe in a sense, in some cases, it's the primary thing.
>
> In other cases there is a need to incarcerate someone for the purpose of punishing them for their wrongful acts, and as a deterrent, not only to themselves, but as a deterrent to like-minded persons.

The court concluded that Van Newkirk deserved punishment for his conduct, and imposed the indeterminate life sentence. Thus, we believe the district court sufficiently considered, during Van Newkirk's sentencing hearing, the criteria of rehabilitation, deterrence to the defendant and to others, and punishment.

At a subsequent hearing on a motion to reconsider the sentence, the court also touched upon the consideration of protecting society from the defendant. The court said:

> I don't agree that there's a minimal probability of re-occurrence, because I agree with what the prosecutor just said. His [Van Newkirk's] plans were to leave this area, and he had arranged to move in with some woman down in the Pocatello area who has a couple of minor children, at least one. He is trying to set himself up with the same type of thing, probably. One way to keep him from doing that is to have him in the Idaho State Penitentiary where he belongs, as far as I am concerned. I don't think it is excessive. I think it is within the statute and within case law to inflict that punishment for the seriousness of his conduct.

Considering all of the comments of the court in respect to Van Newkirk's sentence, we hold that the court did not fail to take into account all of the objectives of criminal punishment.

We turn next to Van Newkirk's assertion that the length of his sentence evidences an abuse of sentencing discretion. Our standards of sentence review are well known. Absent a clear abuse of discretion, a sentence within the statutory maximum will not be disturbed. An indeterminate life sentence is within the maximum penalty for lewd conduct with a minor under the age of sixteen prescribed by I.C. § 18–1508. An abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). Reasonableness was explained in *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.
>
> Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

For the purpose of appellate review, the duration of confinement under an indeterminate life sentence is deemed to be ten years. *State v. Wilde*, 104 Idaho 461, 660 P.2d 73 (Ct.App.1983).

When evaluating an exercise of sentencing discretion, we conduct an independent review of the record. We focus upon the nature of the offense and upon the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The nature of the offense in this case need not be explicitly detailed here. For a peri-

od of at least seven years, Van Newkirk engaged in virtually every imaginable form of sexual activity with his minor daughter, before she reached the age of twelve. We believe the nature and extent of this conduct greatly outweighs the fact that, with the exception of a withheld judgment for an insufficient funds check charge in 1977, Van Newkirk did not have a prior criminal record. We note that Van Newkirk expressed relief that the activities with his daughter had come to the attention of the authorities. But we also note that these activities were not terminated voluntarily by Van Newkirk nor had he ever sought counseling or medical or psychological help for his pedophilia. As a result of the investigation in this case, Van Newkirk's family was disrupted. His wife was charged with aiding and abetting Van Newkirk's activities with his daughter. His daughter and two minor sons from the same marriage were taken from their parents and placed in foster homes under the custody of the State Department of Health and Welfare.

The district court noted that, under an indeterminate life sentence and pursuant to current probation and parole regulations, Van Newkirk could be paroled after serving ten years of his sentence. It is clear that the court determined that the ten year minimum period was appropriate in Van Newkirk's case.

We believe the reasons given by the judge for the sentence he imposed were sound. Confinement for at least ten years is not an unreasonable safeguard against Van Newkirk's criminal activity. Nor does it exceed the length of confinement appropriate for retribution, including vindication of the victim's rights, and for general deterrence in this case. We conclude that no abuse of sentencing discretion has been shown.

The judgment of conviction, including the sentence, is affirmed.

BURNETT and SWANSTROM, JJ., concur.