727 P.2d 1267

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kelly Vern HEMENWAY, Defendant-Appellant.**

No. 16318.

Court of Appeals of Idaho.

Oct. 30, 1986.

G. LaMarr Kofoed, Fruitland, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

The appellant, Kelly Hemenway, was convicted of second degree kidnapping and of "aiding and abetting in the commission of aggravated battery" stemming from the kidnap and murder of Mac Atwood. Hemenway received concurrent, indeterminate sentences of twenty-five years for the kidnapping and fifteen years for the battery. The sole issue on appeal is whether, in light of all the mitigating factors, the trial court abused its discretion by giving Hemenway the maximum indeterminate sentences possible. We hold that no abuse occurred and we affirm the sentences.

Where a sentence does not exceed the statutory maximum, we review whether the court abused its discretion by imposing a sentence which is unreasonable upon the facts of the case. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Here, the sentences given are within the statutory maximums for each crime. Under I.C. § 20–223, Hemenway will be eligible for parole on both sentences after serving five years. However, absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. *State v. Toohill, supra.* Section 20–223, which would allow Hemenway to be considered for parole in five years, is not a "contrary" statute in the sense denoted by *Toohill. See State v. Jenkins*, 105 Idaho 166, 667 P.2d 269 (Ct.App.1983). For the purpose of appellate review, but not as a prediction of parole, we will treat Hemenway's actual term of confinement in this case as one-third of his twenty-five year sentence. Thus, the question is whether confinement for at least eight years and four months is reasonable.

A sentence is unreasonable if it is longer than necessary to accomplish the goal of societal protection in conjunction with the goals of deterrence, rehabilitation and retribution applicable to the case.

*State v. Toohill, supra.* To make this determination, we conduct an independent examination of the record focusing on the nature of the offense and the character of the offender. *State v. Rutherford,* 109 Idaho 1016, 712 P.2d 717 (Ct.App.1985).

■ The evidence at trial showed that Hemenway was present during the kidnapping and murder of Atwood. He did not initiate the crimes but he went to the police only after Atwood's body was found, a month later. Then Hemenway cooperated fully in the investigation. We need only outline briefly the brutal crimes. Hemenway was in the home of Jerry Campbell, a drug dealer when Atwood, a purported addict known to both men, entered the home as an intruder. Campbell became irate and began a prolonged physical assault on Atwood. Hemenway was not a helpless, innocent bystander. He was a physically strong young man who had once worked as a bouncer. His active participation in the violent events is admitted and cannot be overlooked. At one point, Hemenway also became angered and threw Atwood against a wall. He later bound Atwood's hands with a wire hanger, helped carry him to the car, watched Campbell viciously bludgeon Atwood with a hammer, and helped dispose of the body. At no time did Hemenway attempt to prevent Atwood's kidnapping or death.

The sentencing judge was faced with paradoxical views of Hemenway. The record shows that Hemenway is normally a compassionate and caring person. Friends, family, employers, and acquaintances adamantly attested to his humanitarian character. The presentence report indicated a few non-violent minor offenses not indicative of any propensity toward this sort of crime. Hemenway's explanation for his uncharacteristic actions was his fear of Campbell's well-known violent nature.

In sentencing, the district court decided to invoke the "punishment factor" to achieve a sentence appropriate for the heinous nature of the crime. The court considered Hemenway's active participation in the crime, the need for appropriate retribution, and the mitigating factors—noting the unusually large number of favorable character attestations on Hemenway's behalf. Because of the mitigating circumstances, the court determined that rehabilitation was possible. The court rejected the state's recommendation of two fifteen-year fixed, concurrent sentences. Instead, the court chose indeterminate sentences offering more toward rehabilitation and yet addressing the necessary retribution for Hemenway's involvement in the crimes against Atwood. While a sympathetic reading of the transcript may lend itself to a more lenient interpretation of Hemenway's participation, the court's interpretation is not unreasonable. We may not substitute our view for that of the sentencing judge where reasonable minds might differ. *State v. Toohill, supra.*

We hold that the district judge employed sound reasoning in arriving at reasonable sentences calculated to achieve proper goals. Accordingly, there was no abuse of discretion in sentencing Hemenway to the maximum indeterminate sentences available for the crimes. The sentences are affirmed.

WALTERS, C.J., and BURNETT, J., concur.