747 P.2d 758

**Lee Mazur HAYS, Plaintiff–Appellant,**

v.

**STATE of Idaho, Defendant–Respondent.**

**No. 16478.**

Court of Appeals of Idaho.

Dec. 10, 1987.
Review Denied Feb. 26, 1988.[*]

---

[*] Opinion dissenting from Denial of Review published at 750 P.2d 367.

738

Lance D. Churchill, Boise, for plaintiff-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for defendant-respondent.

SWANSTROM, Judge.

In this appeal, Lee Hays asks us to review the district court's summary dismissal of his post-conviction relief application. We must determine whether Hays' application for relief raises material issues of fact requiring an evidentiary hearing. We affirm in part and vacate in part. The case is remanded to the district court for further proceedings.

In April, 1984, Hays pled guilty to four counts of lewd and lascivious conduct with a minor. He received an indeterminate life sentence. Hays appealed his sentence. While the appeal was pending, Hays applied for post-conviction relief. The sentence appeal was stayed awaiting the outcome of the application, but the appeal was later dismissed. Hays' application raised six main grounds for relief: (1) the district court lacked jurisdiction to enter the judgment of conviction; (2) the sentence was unlawful due to lack of opportunity for psychiatric treatment; (3) Hays did not receive effective assistance of counsel; (4) the state breached the plea agreement; (5) the sentence was unconstitutional because of its disproportionality; and (6) the state's information failed to allege physical contact with the victims as assertedly required by I.C. § 18–6607.[1] Both Hays and the state moved for summary judgment under I.C. § 19–4906.

The district court granted Hays' motion in part and granted the state's motion on all other issues. The successful part of Hays' motion was the contention that the information lacked an allegation of physical

1. This statute was in force at the time of Hays' judgment of conviction. It has since been amended and redesignated as I.C. § 18–1508.

contact. In granting this part, the district court vacated the judgment of conviction on three counts, but upheld count two which alleged physical contact between Hays and the victim. Both sides moved to alter or amend the judgment. Both motions were denied. The state has not appealed. Hays appeals, asserting that the district court erred in not granting an evidentiary hearing on the remaining grounds of his application.

Initially, we address some procedural issues raised by Hays. He contends that the district court erred in determining the facts by resorting to the criminal trial record instead of relying wholly upon the civil record as outlined in I.C. § 19–4906(c). He also contends that at least an evidentiary hearing is required because the state did not controvert his alleged facts.

■ First, we find no error in the use of the underlying criminal record. Although a post-conviction relief application initiates a new and independent civil action, there is no reason why the judge in that action cannot take judicial notice of the record in the criminal case. *E.g., Larsen v. May*, 93 Idaho 602, 468 P.2d 866 (1970). Second, since both parties moved for summary disposition under I.C. § 19–4906(c), the district court was permitted to determine whether genuine issues of material fact existed and, if not, whether either party was entitled to judgment as a matter of law. Summary dismissal may be appropriate even if the applicant's alleged facts are uncontroverted by the state because, while the underlying facts must be regarded as true, the applicant's conclusions need not be so accepted. *Phillips v. State*, 108 Idaho 405, 700 P.2d 27 (1985). Our further analysis of Hays' appeal requires individualized discussion of the remaining grounds in his application.

## I. JURISDICTION

Hays alleges in his application that the Idaho court had no jurisdiction because the criminal acts to which he pled guilty occurred in California. The state maintains that Hays' guilty plea waived any jurisdictional defects. The district court concluded

that Hays provided no facts to support his allegation; that the guilty pleas were conclusive of guilt; and that testimony at sentencing confirmed that Hays' actions occurred in Idaho. Nonetheless, Hays declares that a valid guilty plea does not waive jurisdictional defects. *State v. Tipton*, 99 Idaho 670, 587 P.2d 305 (1978).

We readily acknowledge the accuracy of the point of law cited by Hays, but find his conclusion inaccurate. The language in *Tipton* relied upon by Hays is:

A valid plea of guilty, voluntarily and understandingly given, *waives all nonjurisdictional defects and defenses*, whether constitutional or statutory, in prior proceedings. A valid guilty plea is a judicial admission of all facts charged by the indictment or information. A valid plea of guilty is conclusive as to guilt. It is a waiver of trial, and obviates the necessity of the prosecution coming forward with evidence.

*Id.* at 673, 587 P.2d at 308 (emphasis added). Although this language has been regularly cited in subsequent cases, there has been no clear explanation of what constitutes "jurisdictional defects."

■ The early case of *State v. Dawn*, 41 Idaho 199, 239 P. 279 (1925), was the first Idaho case to recognize that a valid guilty plea waives any defect not jurisdictional. However, the *Dawn* court noted, as did *Tipton*, that a valid plea of guilty is a judicial admission of all facts charged in the complaint or information. A jurisdictional defect exists when the alleged facts are not made criminal by statute, or where there is a failure to state facts essential to establish the offense charged. *State v. Grady*, 89 Idaho 204, 404 P.2d 347 (1965); *State v. Cole*, 31 Idaho 603, 174 P. 131 (1918); I.C.R. 7(b). Further, jurisdictional defects exist where the alleged facts show on their face that the court has no jurisdiction of the offense charged, or the allegations fail to show that the offense charged was committed within the territorial jurisdiction of the court. *State v. Pyne*, 105 Idaho 427, 670 P.2d 528 (1983); *State v. Mowrey*, 91 Idaho 693, 429 P.2d 425 (1967). Such defects are not waived by the entry of

a guilty plea. On the other hand, a valid guilty plea admits all essential allegations including jurisdictional facts, thus relieving the government of the burden of making proof. *State v. Tipton, supra; State v. Dawn, supra; see generally* 22 C.J.S. *Criminal Law* §§ 424(2), 424(4), 424(7) (1961).

■ Here, the information charged Hays with committing criminal acts within Kootenai County in the State of Idaho. The record reveals that the information was read to Hays at arraignment and he responded that he understood the contents. The trial judge properly informed Hays that if he pled guilty it would be an admission of the truth of the facts alleged; Hays responded that he understood this. Further, Hays admitted to the judge that he committed the acts he was charged with— lewd and lascivious conduct with a minor in Idaho. The trial judge followed the guidelines of I.C.R. 11, assuring himself of Hays' knowledge of the proceedings, their consequences and the voluntariness of his pleas. At sentencing, testimony was elicited from the investigating officer that the acts occurred in Idaho. Hays did not dispute those facts. Photographs supporting the information were admitted into evidence with no objections except for one packet. Hays objected to the admission of that packet on the grounds of relevance; claiming that those particular photographs were taken in California.

We conclude that Hays was fully aware he was admitting the jurisdictional facts alleged in the information. The guilty plea precludes Hays from collaterally attacking the court's jurisdiction. No genuine question was raised by Hays; the state was properly entitled to summary judgment on the issue. We note, however, that Hays successfully attacked other defects in the information which he contends were jurisdictional. Of the four charges brought, the trial judge agreed with Hays that at least three of the charges failed to contain facts relating to what the judge deemed to be an essential element of the crime—physical contact. Accordingly, the trial judge vacated the judgment of conviction on those

three charges but upheld the conviction on the remaining one. As indicated, the state has not appealed this action. We express no opinion as to whether former I.C. § 18–6607 contained a physical contact requirement.

## II. PSYCHOLOGICAL TREATMENT

Hays' application alleged that his sentence was unlawful because Idaho correctional facilities lack psychological treatment programs. He maintains that the district court erred in not holding an evidentiary hearing to determine the validity of this claim. The court's order simply noted that there was nothing in the record to support the contention and that Hays had other recourse available, although not in this proceeding. In so ruling, the district court relied on *State v. Gee,* 107 Idaho 991, 695 P.2d 376 (1985) where a petitioner apparently made a claim that, as a sexual offender, he was categorized differently for parole purposes, but that he was being given "no remedial treatment to effect a cure for his alleged status." *Id.* at 994, 695 P.2d at 379. The district court granted summary judgment to the state and the Supreme Court affirmed. In its brief discussion of this issue, the Court noted: "If Gee is in need of medical attention and is not receiving adequate care, he is not without recourse. However, the issue is not properly raised in the instant action." *Id.* We cannot tell from this statement whether the Court thought the issue was not properly framed with sufficient factual allegations or whether the Court was simply saying that an action for post-conviction relief was not the place to raise the issue at all.

Here, in orally ruling on this issue, the district judge made his pragmatic and legal reasons clear.

I don't think we are talking about anything that has to do with the legality or the constitutionality of the judgment or the sentence that was imposed. We may be talking about the constitutionality or the legality of the implementation of that sentence by the Department of Corrections. But I don't believe that is a sub-

ject that this court should be properly involved in. The defendant has other remedies available, and some of those remedies are at least obvious by the citation to the federal case that was made here.

But I don't think, frankly, and if you want to use common sense again, that a judge in Kootenai County, Idaho, merely because he pronounced a judgment and a sentence on a defendant, should be in a situation where he has to look at the merits of how the Department of Corrections in Ada County is implementing that sentence, that's really what you are talking about, how the sentence is being implemented, that I think is the critical distinction in the constitutionally and legality of the sentence itself versus the implementation, the carrying out of the sentence. I'm going to deny the motion on that point.

The judge recognized that a failure by the Board of Correction to provide psychological treatment for convicted pedophiles or other sexual offenders would not render either the conviction or the sentence, as pronounced, unlawful. If treatment is legally required—as the United States District Court for Idaho has held—and if the treatment is nonexistent or is inadequate, then the proper remedy is to mandate reasonably adequate treatment. *Balla v. Idaho State Bd. of Correction*, 595 F.Supp. 1558 (D.Idaho 1984). There is no call for setting aside either the conviction or the sentence.

Nevertheless, the courts of this state must, and do, provide a forum for claims of prisoners who assert deprivation of substantial rights by prison officials. Traditionally, such actions are in the form of petitions for habeas corpus relief brought in the county where the correctional center is located. *See, e.g., Clemens v. State*, 112 Idaho 638, 733 P.2d 1263 (Ct.App.1987) (petition alleging lack of adequate medical care). Often this is the most convenient forum for litigating such issues. In other instances, resolution of questions about how a sentence is to be implemented can just as conveniently be litigated in post-conviction relief actions heard in the sentencing court.

Under Idaho's post-conviction relief scheme, any person *may* seek relief if he claims that he is "unlawfully held in custody" or "that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy...." I.C. § 18–4901(5) and (6). Because the post-conviction procedure act is construed as an expansion of the writ of habeas corpus, and substance governs over form, a properly raised issue may be considered by the district court without requiring a separate writ to be filed. *Still v. State*, 95 Idaho 766, 519 P.2d 435 (1974); *Dionne v. State*, 93 Idaho 235, 459 P.2d 1017 (1969). Thus, the district court could have provided the recourse available to Hays.[2]

A question of fact may exist concerning the issue of psychological treatment. When the judgment of conviction was entered against Hays for lewd and lascivious conduct, he came into the ambit of I.C. § 20–223. That statute mandates that persons convicted of certain crimes receive psychological examinations before release on parole. When Hays filed his application in October, 1984, there was concededly a lack of psychological treatment and facilities available through the Board of Correction. This issue was brought to the forefront in *Balla v. Idaho State Bd. of Correction, supra*. In *Balla* the United States District Court for Idaho held that I.C. § 20–223 created a constitutionally protected expectation of psychological care and treatment. The court found that the state provided no rehabilitative care in this area. The court ordered the Board of Correction to solve the psychological care inadequacies. Therefore, when Hays filed his appli-

---

**2.** This is not to suggest that the district court in Kootenai County must hear a matter which could more conveniently be heard in Ada County. In the interests of convenience of witnesses and judicial economy, a meritorious matter may be given a change of venue pursuant to I.R.C.P. 40(e).

cation, the lack of psychological treatment would have created an issue cognizable in post-conviction relief proceedings.

Following the federal court's directive, the Board of Correction developed plans to provide for psychological care and treatment. The record of official acts by the United States District Court for Idaho, of which we may take judicial notice under I.C. § 9-101 and I.R.E. 201, show the following. In July, 1985, the court adopted the Board of Correction's plans and ordered their implementation by October, 1985. That October, a contempt motion was filed by the same inmates claiming the plans had not been implemented and irrespective of implementation, the plans were constitutionally defective. In July, 1986, following a contempt hearing, the United States District Court for Idaho determined that the sex offender treatment program had become adequate and functioning. The court concluded that the psychiatric care expectation under I.C. § 20-223 was satisfied. The contempt motion and subsequent motion to amend were denied. *Balla v. Idaho State Board of Correction*, No. 81-1165 (D.Idaho order filed August 18, 1986) (motion to amend denied December 11, 1986). Presently, an appeal is being processed on the sole issue of whether the psychiatric care is adequate.

We conclude that Hays' contention is not moot. The decision of the United States District Court for Idaho is being appealed. Moreover, a state court, in determining compliance with a state statute, is not necessarily bound by a federal court's interpretation. A state court could, for example, require a higher level of psychological evaluation and treatment than required by a federal court. In any event, the state court should consider the outcome of the federal litigation as it will determine whether the state is presently meeting minimum federal standards of treatment. Because the court below bypassed the issue, we remand the case for further consideration of the merits in light of the matters discussed above.

## III. ASSISTANCE OF COUNSEL

Hays most strenuously alleges that he had ineffective assistance of counsel. This claim is intertwined throughout the allegations of Hays' application. In its answer, the state attached the affidavit of Hays' trial counsel. This affidavit counters some of the allegations in Hays' memorandum and affidavit, thus bringing some matters to issue. We have boiled Hays' major contentions down to four main points: (1) counsel failed to investigate the allegations in the information, thus missing the physical contact "element;" (2) Hays pled guilty on counsel's assurance that he would serve only eighteen to twenty-two months and was not informed of the ten-year minimum period of confinement prescribed by I.C. § 20-223 before parole from an indeterminate life sentence; (3) on advice of counsel Hays waived his right to a preliminary hearing, thus missing important discovery; and (4) counsel spent a minimal amount of time consulting with Hays.

The standard for judging any claim of ineffective counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a two-component test used in companion with this standard. First, it must be shown that counsel's performance was deficient. Second, it must be shown that the deficient performance prejudiced the defendant's case. *Id.* at 687; *Maxfield v. State*, 108 Idaho 493, 700 P.2d 115 (Ct. App.1985); *see also State v. Simons*, 112 Idaho 254, 731 P.2d 797 (Ct.App.1987).

Even assuming Hays' first point of complaint shows deficient performance, it is now moot. Hays already prevailed in vacating his conviction on three charges which lacked allegations of the physical contact element. He stands convicted of only one charge which is not affected by the physical contact issue.

■ Hays' second point questions the voluntariness of his plea. He asserts that his attorney misinformed him of the possible duration of confinement, particularly

the minimum time provisions for parole eligibility under I.C. § 20–223. His attorney's affidavit, in part, controverts this claim. The affidavit shows that Hays was informed correctly of the minimum confinement period under an indeterminate sentence of less than ten years, but that he was not informed by counsel of the ten-year minimum confinement period for parole eligibility under an indeterminate life sentence. Thus, a factual issue has been raised. However, even assuming ineffective assistance of counsel, such facts do not, as a matter of law, entitle Hays to the relief he seeks.

In *Brooks v. State*, 108 Idaho 855, 702 P.2d 893 (Ct.App.1985), we held that the voluntariness of a plea was not affected where defense counsel stated that a fifteen-year sentence would be imposed, requiring actual confinement of only two or three years, but the defendant was specifically informed by the judge that recommendations by counsel were not binding and that a life sentence could be imposed. We said that the defendant in that case had "no cognizable expectancy" of receiving the fifteen-year sentence; consequently, the attorney's mistaken characterization of the effect of such a sentence did not affect the voluntariness of the plea. Here, Hays' application frames a similar fact pattern. He alleges that his attorney predicted a ten-year sentence, requiring actual confinement of eighteen to twenty-two months. However, when he entered his plea, Hays was specifically informed by the judge that recommendations by counsel were not binding and that the judge could impose the "maximum sentence" consecutively on each of the four counts then pending. Hays has never claimed to have been unaware that the "maximum sentence" was life imprisonment. Consequently, counsel's alleged error in stating the potential effect of a ten-year sentence did not affect the voluntariness of Hays' plea.

In his third point, Hays alleges that he waived a preliminary hearing on the advice of counsel. While that may be true, the record reveals that Hays also had independent, personal reasons for waiving all preliminary matters and pleading guilty. Hays' personal decision here follows the exact course he took in pleading guilty to similar criminal charges in California just prior to the proceedings in Idaho. Hays decided to do this to avoid any further burdens on the victims. Further, Hays told the court-appointed psychologist of his willingness to admit to the charges if the allegation of sexual penetration was left out. This clearly does not raise a question of ineffective assistance of counsel. The final point also fails to show ineffective assistance of counsel. Hays fails to clarify or substantiate what was deficient other than merely claiming minimal amount of time was spent with him.

We conclude that the above points do not show that counsel's performance so undermined the proceedings that a just result was not produced. We agree with the district court that the allegation of ineffective assistance failed to raise a genuine material issue. Summary disposition in favor of the state was proper.

## IV. SENTENCE DISPROPORTIONAL

Hays argues that a life sentence for the crime of lewd and lascivious conduct is disproportionate and unconstitutional. In his memorandum supporting his application, Hays admirably went to great detail and research on this issue, attempting to demonstrate the disproportionality of the sentence. However, we are not persuaded by Hays' argument.

In *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the United States Supreme Court set forth three objective criteria for determining whether a sentence is unconstitutionally excessive. Those criteria require a reviewing court to: (1) consider the gravity of the offense and the harshness of the penalty; (2) compare the sentences imposed on other criminals within the same jurisdiction; and (3) compare the sentences imposed for commission of the same crime in other jurisdictions. We now apply these criteria to the punishment imposed on Hays.

The first factor may be satisfied by applying our standard for sentence re-

view in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The maximum punishment Hays could have received is a determinate life sentence with no possibility of parole. Hays received an indeterminate life sentence. For review purposes we treat an indeterminate life sentence as a ten-year period of confinement, absent a contrary indication in the record. *State v. Wilde*, 104 Idaho 461, 660 P.2d 73 (Ct.App. 1983). This represents the time computation for Hays' parole eligibility. Parole eligibility is a highly persuasive fact for determining the severity of a sentence. *See Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Therefore, the question is whether confinement for ten years is excessive when viewed in light of the nature of the offense and the character of the offender. *E.g., State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

■ The offense committed by Hays involved deplorable acts of self-sexual gratification with a young innocent victim. The victim is a member of Hays' family. There is evidence that the victim has suffered deep emotional trauma. No physical violence was involved. However, the inherently coercive nature of the offense indicates why it is considered a grave and repugnant crime.

Concerning Hays' character, his criminal past includes convictions in California for burglary and lewd conduct with minors. Additionally, Hays pled guilty here to four counts of lewd conduct, but judgment of conviction on three of those counts was reversed because the district court determined the information was jurisdictionally defective. Clearly, Hays has a history of unlawful sexual contact with minors. Hays has been diagnosed as a pedophile with no likelihood of rehabilitation. All of these points show Hays' capability for manipulating and exploiting young children.

The district court was particularly concerned with protecting society's children from Hays. Hays' apparent lack of remorse, together with a dim outlook for his rehabilitation, further persuaded the district court to impose the indeterminate life

sentence. Having fully reviewed the record and having considered the sentence review criteria in *State v. Toohill, supra*, we determine that Hays' sentence was not excessive for the grave offense he committed.

The second criterion under *Solem* requires us to compare the sentence for lewd and lascivious conduct with sentences for similar or more serious offenses within this jurisdiction. In applying this criterion we are guided by the following deferential standard announced in *Solem*. "Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm*, 463 U.S. at 290, 103 S.Ct. at 3009.

In Idaho, a life sentence is mandated for first-degree kidnapping, I.C. § 18–4504; and hijacking, I.C. § 18–7501. Life sentences are authorized for robbery, I.C. § 18–6503; first-degree murder, I.C. § 18–4004; second-degree murder, I.C. § 18–4004; poisoning with intent to kill, I.C. § 18–4014; rape, I.C. § 18–6104; forcible sexual penetration, I.C. § 18–6608; and for other felonies committed by a persistent violator, I.C. § 19–2514. Further, a sentencing court must follow statutory guidelines in imposing a sentence. These statutory guidelines allow a court in its discretion to impose indeterminate or determinate, and concurrent or consecutive, sentences. I.C. § 19–2513. The sentencing court must also consider any aggravating and mitigating circumstances, and must apply the penal objectives of protecting society, deterrence, rehabilitation, and retribution. I.C. §§ 19–2515, 19–2521.

After considering the offenses for which the Legislature has authorized life sentences, we conclude that an indeterminate life sentence, with parole eligibility, for lewd and lascivious conduct with a minor is not per se unconstitutional. The Legislature could conclude that any of these offenses warrants the punishment provided. Furthermore, two other criminals have

been given indeterminate life sentences for committing offenses comparable to the one committed by Hays. *See State v. Van Newkirk,* 110 Idaho 581, 716 P.2d 1353 (Ct.App.1986) (lewd conduct with minor); *State v. Gooding,* 110 Idaho 856, 719 P.2d 405 (Ct.App.1986) (lewd conduct with minor). Other criminals have received sentences for lewd conduct with minors where the time period for parole eligibility is comparable to Hays'. *See State v. Freeman,* 110 Idaho 117, 714 P.2d 86 (Ct.App.1986) (consecutive, indeterminate terms of twenty and ten years); *State v. Rutherford,* 109 Idaho 1016, 712 P.2d 717 (Ct.App.1985) (determinate twenty-year sentence); *State v. Glandon,* 109 Idaho 755, 710 P.2d 665 (Ct.App.1985) (two concurrent, indeterminate twenty-five year sentences); *State v. Lawrence,* 107 Idaho 867, 693 P.2d 1069 (Ct.App.1984) (two concurrent, determinate fifteen-year sentences). In sum, Hays' treatment has not been different from that accorded to many criminals who have committed similar offenses.

Finally, we compare the sentences imposed for commission of the same crime in other jurisdictions. With his criminal history, Hays could have received life sentences in two other states: Illinois, ILL.REV. STAT. ch. 38, pars. 12–16, 1005–8–1 (1981); and Utah, UTAH CODE ANN. § 76–5–404.1 (supp. 1987). In several other states, Hays could have received sentences involving considerable periods of confinement: Alaska, ALASKA STAT. §§ 11.41.-434, 12.55.125(i) (1987) (eight to thirty years); Florida, FLA.STAT. §§ 827.071, 775.082, 775.084 (1985) (fifteen to thirty years); Georgia, GA.CODE ANN. § 16–6–4 (1984) (five to twenty years); Minnesota, MINN.STAT. § 609.343 (1986) (fifteen years); and Montana, MONT.CODE ANN. § 45–5–502 (1987) (twenty years).

It appears that Hays' sentence is not excessively severe. Consequently, we find that Hays' sentence is not unreasonable or excessive. He has not been treated more harshly than other offenders in this jurisdiction or other jurisdictions. We conclude that his sentence is proportional to the offense he committed. Accordingly, summary disposition on the proportionality argument was proper.

## V. PLEA AGREEMENT

The final ground for relief asserted by Hays is that his guilty pleas were the product of plea negotiations with the state upon which the state later reneged. The record recites the substance of the plea negotiations. The state was to recommend that Hays' Idaho sentence be served concurrently with his California sentence in California's prison system. It was understood by all that this was a contingent recommendation because the Board of Correction had ultimate control over placement and release.

 If a defendant decides to enter a plea of guilty through reliance on some promise or representation by the prosecution, the state may not later either renege upon its promise or seek court intervention to relieve it from the terms of its voluntary agreement. A defendant's plea based upon a promise which the state cannot meet is invalid; the plea may be withdrawn at the defendant's insistence. *State v. Hernandez,* 107 Idaho 947, 694 P.2d 1295 (1983).

 Here, the record clearly shows that the prosecution made the recommendations it promised. At sentencing, the trial judge acknowledged acceptance of the prosecution's recommendation and expressed to all present that the matter would be left to the control of the Board of Correction. Since the prosecution did all that it promised, it cannot be found that there was a breach of the plea negotiations. Hays' guilty plea is valid. There was no factual question. As a matter of law, the state was entitled to summary disposition of this issue.

## CONCLUSION

We conclude that Hays' application raised no genuine material issues of fact regarding the district court's jurisdiction, assistance of counsel, disproportionality of the sentence, and breach of the plea agreement. Summary disposition of these matters was proper. We determine that a factual question exists concerning the ex-

istence and adequacy of psychiatric treatment for Hays. We remand this issue to the district court for further proceedings.

Accordingly, the order denying Hays' motion to amend or alter judgment is affirmed in part, vacated in part, and remanded.

BURNETT, J., concurs.

WALTERS, C.J., concurs fully in parts I, III, IV AND V, but dissents without opinion to part II and to the remand for further proceedings, being convinced that the district court's dismissal should be affirmed in its entirety.