721 P.2d 728

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Christopher B. BIAS, Defendant-Appellant.**

No. 16174.

Court of Appeals of Idaho.

June 23, 1986.

Klaus Wiebe, of Wiebe & Kehne, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Pursuant to a plea bargain and sentence recommendation agreement, Christopher Bias pled guilty and was convicted of one count of grand theft. The district court rejected the sentence recommendations which included Bias' request for a withheld judgment. Instead, Bias was sentenced to an indeterminate term not to exceed five years in the custody of the Board of Correction. The judge did retain jurisdiction for 120 days. This would allow him to release Bias on probation after four months of incarceration. On appeal, Bias contends the district court abused its sentencing discretion by not granting a withheld judgment and by not following the sentence recommendations. We affirm the sentence.

■ Bias was originally charged with four counts of grand theft and one count of forgery. I.C. §§ 18–2403, –2407, –3601. He agreed to plead guilty to one count of grand theft which would combine the four theft offenses into one. The state agreed to dismiss the forgery charge. The parties agreed to recommend that Bias be sentenced to five years probation with no jail time, perform community service, and make restitution to the victims. The agreement also provided that the state would not oppose a withheld judgment. At the time the district court accepted Bias' guilty plea, the court informed Bias that the plea bargain agreement was not binding on the court and that the court retained the authority to assess the maximum penalty under the law. A sentence recommendation to the trial court is purely advisory. *State v. Geier*, 109 Idaho 963, 712 P.2d 664 (Ct. App.1985); *State v. Rossi*, 105 Idaho 681, 672 P.2d 249 (Ct.App.1983). As mentioned, the district court rejected the sentencing recommendations.

Bias argues that the court abused its sentencing discretion by failing to consider the sentencing objective of rehabilitation. Bias contends that the court's refusal to grant a withheld judgment will prevent him from continuing his employment in the banking industry. He asserts that I.C.

§§ 19–2521 and 19–2601 permit the trial court to withhold judgment in criminal cases, but do not provide guidelines for determining when a withheld judgment is appropriate. Therefore, Bias points to Idaho Misdemeanor Criminal Rule 10, which identifies appropriate conditions for consideration when determining whether to grant withheld judgments. In particular, Rule 10(a)(7) states the court must consider the "impact a record of a criminal conviction would have upon the defendant's future development and/or employment status." Bias contends that by promulgating such a rule the Idaho Supreme Court has recognized impact upon employment to be a "critical" factor to consider in deciding whether to grant withheld judgments. Thus, Bias asserts that, had the court properly considered his employment status, the withheld judgment should have been granted.

■ Of course, the misdemeanor criminal rules are not applicable in this felony case and the district judge cannot be faulted for disregarding them. Moreover, the particular rule cited by Bias must be considered in context with the other subparts of the rule. Still we recognize that impact on employment is one factor to be considered by any court faced with reasonable options of outright probation, probation with some incarceration and imprisonment. It is not necessarily a "critical" factor, as its importance can vary from case to case depending upon other factors.

As suggested, the leniency of a withheld judgment with immediate probation may not be the only reasonable choice or the most appropriate one. Idaho Code § 19–2521 does provide criteria for determining when imprisonment or probation is appropriate. Section 19–2521 provides in part, that a sentence of imprisonment may be imposed if "[a] lesser sentence will depreciate the seriousness of the defendant's crime; or [if] [i]mprisonment will provide appropriate punishment. . . ." In *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct.App.1982), we held "that denial of probation will not be deemed a 'clear abuse

of discretion' if the decision is consistent with the criteria articulated in I.C. § 19–2521." Our review will be guided by these standards.

In *State v. Geier, supra,* we were required to determine whether the trial court abused its discretion by not granting a withheld judgment. We stated:

> The court's authority to enter a judgment of conviction, as opposed to withholding judgment, is well established. Following a defendant's plea of guilty ..., the trial court must prescribe the legal consequences for the committed offense. I.C.R. 33.... Idaho law provides that in certain circumstances, the trial court may commute, suspend, or withhold the execution of the judgment and place the defendant on probation. I.C. § 19–2601. The determination of an appropriate sentence is vested within the sound legal discretion of the trial court.
>
> Section 19–2601 provides in pertinent part that "the court *in its discretion,* may: ... [w]ithhold judgment on such terms and for such time as it may prescribe and may place the defendant on probation." ... Refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. [Emphasis original, citations and footnote omitted.]

*Id.* at 965, 712 P.2d at 666. Obviously, the court here did consider probation, and did not reject it altogether, but believed it should be deferred until Bias had experienced four months incarceration. Thus, we must examine whether the imposition of that judgment and sentence was appropriate.

When conducting an independent examination of the record, we focus upon the nature of the offense and the character of the offender. *State v. Beltran,* 109 Idaho 196, 706 P.2d 85 (Ct.App.1985). At the time of the offenses, Bias was vice president of Idaho operations for an out-of-state lending corporation. In two of the grand theft offenses, Bias advised loan applicants of the need to pay a loan application fee. In fact, the lender had no such loan application fee. In another instance, Bias also requested an initial payment in an amount $1,000 above the required payment. He obtained approximately $7,000 in this manner from October 1981 to December 1982. These funds were never sent to his employer but were deposited into his personal checking account. In June 1982, Bias contacted his employer and ordered a check for $7,270.70 be made out to a Boise car dealer. This amount was represented as the closing balance on the dealership's reserve account. In fact, there was no reserve account. Bias allegedly forged the signature of the dealership's accountant and deposited this check in his checking account.

At the time of sentencing, Bias was forty-two years old and had worked entirely in the banking field after graduating from college. In addition to traffic offenses, Bias' criminal record consisted of two misdemeanor DUIs which occurred more than twelve years prior to sentencing. Bias expressed remorse at having committed the thefts and indicated his desire to pay restitution to the defrauded victims. He had deposited $14,000 in his counsel's trust account for immediate restitution. Following his arrest on these offenses, Bias obtained employment with a California bank in its trust department and was promoted within three months to vice president. Bias requested that the presentence investigator not contact his current employer, and the district court instructed the investigator to comply with the request.

In passing sentence the district judge noted that Bias in many respects had been a good citizen and a successful businessman. The judge was greatly bothered, however, that a person of Bias' age and abilities had repeatedly schemed over a period of time to defraud several persons and firms of large sums of money. The judge was further troubled by the fact that Bias had obtained another highly responsible position with a California bank without disclosing to his present employer the true

**132**

nature and extent of his criminal acts in the present case. The judge's concerns impelled him to reject the recommendations even though a hardship would be involved. Given the context of the judge's statements, it is apparent that he considered the effect his decision would have upon Bias' present and future employment in banking.

Although the judge pronounced an indeterminate five-year sentence, he did retain jurisdiction for 120 days. As we noted in *State v. Chapel*, 107 Idaho 193, 194, 687 P.2d 583, 584 (Ct.App.1984), one purpose of retaining jurisdiction "is to allow the trial court additional time to evaluate the defendant's rehabilitation potential and suitability for probation." The retained jurisdiction procedure provides an alternative between outright probation and a sentence to the penitentiary. To some extent at least, this alternative satisfies the need of retribution while fully recognizing the potential for rehabilitation.

 It is clear from the court's comments that the judge was primarily motivated in achieving deterrence and retribution. Bias argues that the sentence does not adequately consider his need for rehabilitation. Rehabilitation of the defendant is but one of the several sentencing objectives and, by itself, is not controlling. *State v. Rundle*, 107 Idaho 936, 694 P.2d 400 (Ct.App.1984). Even if there are circumstances in this case which would justify imposing a lesser sentence, we cannot substitute our judgment for that of the trial court. *E.g., State v. Burroughs*, 107 Idaho 195, 687 P.2d 585 (Ct.App.1984).

[6] Bias also maintains that a felony conviction will preclude his continued employment in the banking field and consequently will require him to seek employment in another field. Pragmatically, we recognize that he is probably correct. However, it does not necessarily follow that Bias will continue to have a felony conviction. The court retained jurisdiction and, at any time during the 120 days, may suspend the sentence. If subsequently placed on probation, Bias may later petition the court to amend the judgment to a mis-

demeanor conviction when satisfactory compliance with the terms and conditions of probation has been shown. I.C. § 19–2604.

Based on our examination of the record, we hold that the district court did not abuse its sentencing discretion by refusing to grant a withheld judgment. The court had sufficient information to conclude that a withheld judgment would be inappropriate. The five-year indeterminate sentence with the retained 120–day jurisdiction is reasonable in this case and does not represent a clear abuse of discretion.

Accordingly, the sentence imposed by the district court is affirmed.