768 P.2d 823

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Herbert Lee GLIDDEN,
Defendant–Appellant.**

**No. 17313.**

Court of Appeals of Idaho.

Feb. 2, 1989.

---

James E. Siebe, Moscow, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Herbert Glidden challenges a magistrate's refusal to grant a withheld judgment upon Glidden's plea of guilty to driving while under the influence. He appeals from the district court's appellate decision upholding the judgment of conviction and sentence. The issue is whether the magistrate improperly exercised his sentencing discretion by limiting his sentencing alternatives though a self-imposed policy of not granting withheld judgments for driving while under the influence. We affirm.

This was Glidden's first DUI offense. At the initial sentencing hearing Glidden presented evidence in support of his request for a withheld judgment. Glidden testified that a conviction could have serious consequences on his employment as a truck driver and that incarceration would be psychologically traumatic to him because of claustrophobia. In response, the magistrate explained he normally did not grant withheld judgments in DUI cases. He remarked that his policy was not to grant such relief unless the Legislature had indicated it would be appropriate or unless the prosecutor had recommended it. Because neither of those two conditions were present, the magistrate stated he was inclined not to grant a withheld judgment in this case. The hearing was continued to allow Glidden an opportunity to present additional evidence.

Following the presentation of evidence at the subsequent hearing, the magistrate said:

With regard to the request for Withheld Judgment, Mr. Glidden, I've given that a great deal of thought this last three weeks. As [the prosecutor] indicated in his letter about his policy in making recommendations of Withheld Judgments in D.U.I. cases, your attorney is fully aware of what ... I believe he's well aware of what my policy is, too. I have not yet granted a Withheld Judgment in a D.U.I. case. That's not to say that I would not some day. I have just not yet perceived a condition where things are as tough as you and your attorney suggest. I just can't bring myself yet to the point to say, "Well, you drive ... for work, this is a first D.U.I. offense, I'm going to grant a Withheld Judgment just automatically." I just can't do that. It's a serious offense. The legislature has said that it's a serious offense. The legislature, although they did not proscribe granting Withheld Judgments for offenses such as this, intended that the Courts were not.... I believe, were not to grant Withheld Judgments. I'm not going to grant the Withheld Judgment.

A judgment of conviction was then entered and Glidden was sentenced. He received a suspended ten-day jail term and was placed on unsupervised probation for one year. He also was required to perform ninety-six hours of community service.

■ The determination of an appropriate sentence is vested within the sound discretion of the trial court. *State v. Geier*, 109 Idaho 963, 712 P.2d 664 (Ct.App. 1985). The exercise of such discretion is guided by I.C. § 19–2601, I.C.R. 33(d) and I.M.C.R. 10. In resolving whether the magistrate improperly exercised his discretion, we will review the record of the trial court independently of the district court's appellate decision. *E.g., State v. Hayes*, 108 Idaho 556, 700 P.2d 959 (Ct.App.1985).

■ Glidden's primary argument is that the magistrate had an inflexible policy of not granting withheld judgments in DUI cases based upon an erroneous belief that such dispositions are inappropriate. The transcript of the sentencing hearing shows the magistrate knew the true scope of his sentencing discretion. He recognized that a withheld judgment was available, not proscribed, as a sentencing alternative. He articulated a policy that was not totally inflexible; his expressed policy was permissibly narrower than the limits provided in sentencing. We conclude the magistrate did not improperly exercise his discretion. He was not laboring under an erroneous belief that withheld judgments cannot be granted in DUI cases.

Glidden's secondary argument is that the magistrate abused his discretion by failing to consider the criteria of I.M.C.R. 10 in refusing to grant a withheld judgment. We have held that the refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *State v. Bias*, 111 Idaho 129, 721 P.2d 728 (Ct.App.1986); *State v. Geier, supra.*

■ Rule 10, I.M.C.R., expresses criteria for the sentencing court to consider *before granting* any withheld judgment pursuant to I.C. § 19–2601. The presence of these factors in any given case does not equate to a right to receive this sentencing alternative. Rule 10 and § 19–2601 do not mandate, encourage or prioritize the granting of withheld judgments. Rather, if a sentencing court in its discretion concludes a withheld judgment is appropriate, the court in the magistrate division must first consider the factors outlined in Rule 10. A judge does not have to systematically recite each factor; the record is sufficient if it shows the judge is aware of the factors he is required to consider. Indeed, he may simply refer to the factors or to the appropriate rule.

■ Through the evidence presented and the arguments given at the sentencing hearing, Glidden's attorney outlined the factors under Rule 10. The magistrate clearly was aware of these factors when considering the appropriateness of a withheld judgment. The magistrate considered the evidence in light of his policy but he concluded Glidden's case was not so "tough" that he should deviate from his

 

normal policy. The magistrate had sufficient information before him to consider the appropriateness of a withheld judgment. We see no error in his reasoning. Accordingly, we find no abuse of discretion.

The district court's appellate decision upholding the judgment of conviction and sentence is affirmed.

WALTERS, C.J., and BURNETT, J., concur.