768 P.2d 826

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Susan MILES, Defendant–Appellant.**

No. 17262.

Court of Appeals of Idaho.

Feb. 2, 1989.

Scott E. Axline, Blackfoot, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Susan Miles appeals from the district court's appellate decision upholding a judgment of conviction entered in the magistrate division upon Miles' plea of guilty to driving while under the influence. The issue presented here is the same issue we addressed in *State v. Glidden*, 115 Idaho 560, 768 P.2d 823 (Ct.App.1989) also released today. In *Glidden* we concluded that a magistrate did not improperly exercise his sentencing discretion where he limited his sentencing alternatives through a self-imposed policy of not granting withheld judgments for driving while under the influence. We held that such a narrow policy was permissible.

Prior to accepting Miles' guilty plea the magistrate here stated:

Miss Miles so you're not—so you fully understand the Court's position as indicated to Counsel, this Court does not grant withheld judgments for convictions of driving while under the influence. Simply because when the Legislature amended the Idaho law relative to driving while under the influence and certainly in one sub-paragraph and I believe it's either 7 or 8, indicates to this Court and this Court's interpretation in reading that paragraph that it doesn't make any difference at all. A withheld judgment is still considered a conviction for all purposes. I just don't grant them because I don't see any reason why a defendant should leave here thinking that he's got something when in fact he's got nothing.

The magistrate's policy apparently was the result of an exercise of reason in light of legislative action and the magistrate's sentencing experience. The transcript further reveals that the magistrate recognized the

discretion he possessed in deciding whether to grant a withheld judgment; he was not under the impression that a withheld judgment was prohibited. We believe the magistrate here exercised appropriate sentencing authority, not arbitrary action, in crafting his policy. Consequently, we hold that the magistrate properly exercised his sentencing discretion. Miles' remaining questions concerning her sentence are precisely those addressed in *Glidden.* The same law and reasoning apply in this case.

The district court's appellate decision upholding the judgment of conviction and sentence is affirmed.

WALTERS, C.J., and BURNETT, J., concur.