769 P.2d 594

STATE of Idaho, Plaintiff–Respondent,

v.

Morgan G. RAMSEY,
Defendant–Appellant.

No. 17464.

Court of Appeals of Idaho.

Feb. 24, 1989.

William V. Brown, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Upon a guilty plea, Morgan Ramsey was convicted of grand theft. The district court sentenced Ramsey to the custody of the Board of Correction for an indeterminate period not to exceed fourteen years. Because the theft to which Ramsey pled guilty occurred prior to the effective date of the Unified Sentencing Act, I.C. § 19–2513, the court did not order a minimum period of confinement. The sole issue on appeal is whether Ramsey's sentence was excessive and therefore represented an abuse of sentencing discretion. We affirm.

Our standards for sentence review are well-settled. The trial court possesses discretionary authority to determine an appropriate sentence. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence within the statutory maximum will not be disturbed on appeal unless an abuse of sentencing discretion is shown. *State v. Delin*, 102 Idaho 151, 627 P.2d 330 (1981). A sentence of imprisonment is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho at 568, 650 P.2d at 710 (Ct.App.1982).

Ramsey could have received a fixed fourteen-year term of confinement for the grand theft conviction. I.C. § 18–2408. Instead he received an indeterminate fourteen-year sentence, allowing him to become eligible for parole. Absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. *State v. Adams*, 106 Idaho 309, 678 P.2d 101 (Ct.App.1984). Thus, for purposes of appellate review, but not as a prediction of parole, we will treat Ramsey's term of confinement as one-third of his fourteen-year sentence, which would be four years and eight months.

When evaluating an exercise of sentencing discretion, we conduct an independent examination of the record. We focus upon the nature of the offense and character of the defendant. *State v. Amerson*, 113 Idaho 183, 742 P.2d 438 (Ct.App.1987). Here, the facts show that Ramsey wrongfully appropriated an automobile from the owner in Kootenai County and was finally apprehended four miles from the Montana border in Shoshone County.[1]

Standing alone, the automobile theft might not have warranted a fourteen-year indeterminate sentence. However, Ramsey brought a long history of crime into this case. At the time of sentencing, he was twenty-seven years old. Since the age of fifteen, Ramsey had engaged in larceny, driving a vehicle without the owner's permission, reckless driving, two acts of burglary, several thefts and numerous alcohol-related misdemeanors. In each of these previous incidents, Ramsey was given an opportunity for rehabilitation. On occasion, he has received a withheld judgment, a penitentiary sentence subject to retained jurisdiction, fines, several probations which he subsequently violated, and court-ordered participation in numerous in-patient and out-patient drug and alcohol rehabilitation programs. While incarcerated awaiting sentencing in this case, Ramsey received ten disciplinary write-ups including a positive urinalysis indicating marijuana use. The opportunities given to Ramsey have been of little avail. Although Ramsey contends the sentencing judge did not consider the goal of rehabilitation, our review of the record shows the court did consider rehabil-

---

1. Ramsey also was charged with a burglary of a convenience store in Shoshone County. However, this burglary complaint was dismissed upon Ramsey's plea to the vehicle theft charge in Kootenai County.

itation. Nevertheless, the court felt that Ramsey's prior history and current drug use warranted incarceration to protect society.

In our view, the judge gave sound reasons for his sentencing decision. The facts of this case reasonably indicate that confinement for at least four years and eight months would not exceed the period necessary to protect society from Ramsey's pattern of conduct. We conclude that sentencing discretion in this case was not abused. Accordingly, the judgment imposing the sentence is affirmed.