806 P.2d 456

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mike WADDOUPS,
Defendant–Appellant.**

**No. 18228.**

Court of Appeals of Idaho.

Feb. 26, 1991.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for defendant-appellant. Monte R. Whittier, argued.

Jim Jones, Atty. Gen., James E. Leuenberger (argued), Deputy Atty. Gen., for plaintiff-respondent.

SCHILLING, Judge Pro Tem.

Mike Waddoups appeals from the district court's judgment of conviction which imposed a fixed term of twenty years, plus an indeterminate term of ten years, on each of two charges of lewd conduct with a minor. In addition, Waddoups received a fixed term of ten years, plus an indeterminate term of five years, for one charge of sexually abusing a child under the age of sixteen. All three sentences are to run concurrently. In this appeal, the issues are: (1) whether the district court abused its discretion by refusing to retain jurisdiction over Waddoups; (2) whether the district court erred by failing to grant Waddoups' request for probation; and (3) whether the sentences are reasonable. As explained below, we affirm the judgment of conviction and sentences.

Waddoups contends the district court abused its discretion by refusing to retain jurisdiction over him and by failing to grant probation. However, neither of these issues was properly preserved on appeal. Waddoups' brief failed to adequately cite and discuss authority on either of these two questions. *Price v. Aztec Ltd., Inc.*, 108 Idaho 674, 701 P.2d 294 (Ct.App.1985). Furthermore, when Waddoups did touch upon these two issues, it occurred only in connection with his expressed concern that the district judge failed to consider the sentencing goal of rehabilitation. Therefore, the only real question on appeal is whether Waddoups' sentences are reasonable in light of the sentencing goals.

Waddoups argues his sentences, for lewd conduct and sexual abuse, were excessive. However, all three of Waddoups' sentences were less than the maxi-

mum provided by statute. The maximum sentence allowed for lewd conduct with a minor is life. I.C. § 18–1508. Sexual abuse of a child under sixteen carries a maximum of fifteen years in prison. I.C. § 18–1506. Normally, a sentence within the statutory limits will not be disturbed on appeal unless there has been an abuse of discretion. *State v. Ramsey,* 115 Idaho 717, 769 P.2d 594 (Ct.App.1989). The district court will be deemed to have abused its discretion if the sentence, at the time it was imposed, is unreasonable. *State v. Lute,* 108 Idaho 905, 702 P.2d 1365 (Ct.App. 1985). For purposes of appellate review, we treat the minimum period of confinement as the probable length of time that Waddoups will have to spend in prison prior to being eligible for parole consideration. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In Waddoups' case, he should expect to be confined by the Idaho State Board of Correction for twenty years.

It is this period of confinement which must be "reasonable" under the sentencing goals outlined in *State v. Sanchez, supra.* In *Sanchez,* we held that a sentence is reasonable if it does not exceed the time required to meet the primary goal of protecting society and to achieve any or all of the related goals of retribution, deterrence and rehabilitation. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). These sentencing goals must be evaluated in light of the nature of the offense and the character of the offender. *State v. Rutherford,* 109 Idaho 1016, 712 P.2d 717 (Ct. App.1985).

The record discloses that Waddoups initially was charged with twenty-three counts of lewd conduct and three counts of sexual abuse involving three of his stepdaughters—ages eight, ten and thirteen. However, pursuant to an agreement with the state, Waddoups pled guilty to two counts of lewd conduct with a minor and one count of sexual abuse of a child under sixteen while the state dismissed the remaining counts. On appeal, Waddoups contends his sentences were unduly harsh in light of the nature of the offenses. We disagree. This Court, as well as our Su-

preme Court, has held on several occasions that fixed sentences of twenty to thirty years for lewd conduct with a minor are not an abuse of discretion where the sentences were reasonable in light of the facts found. *See, e.g., State v. Martinez,* 111 Idaho 281, 723 P.2d 825 (1986); *State v. Rutherford,* 109 Idaho 1016, 712 P.2d 717 (Ct.App.1985).

We now consider Waddoups' character. Waddoups' troubled life began at an early age. The record suggests that he was exposed to alcohol and drugs while growing up in an unstable family. He first encountered our legal system at age ten. The comprehensive presentence report furnished to the district court contains early psychological evaluations, social histories and extensive juvenile reports.

Waddoups was age twenty-two when sentenced in this case. His schooling had ended with the seventh grade. He has developed no special skills and his employment history has been "sparse." He admits to having a drinking problem which sometimes results in violent behavior. Waddoups has had many difficulties adjusting to the demands of society. At age fourteen his offenses included petit larceny and sodomy; at fifteen, assault and petit larceny. At seventeen he was involved in another petit larceny. His probation on that charge was not successful. Between ages eighteen and twenty-one there were four more theft-related offenses. He was also convicted of encouraging a child to come within the purview of the Youth Rehabilitation Act. He was twenty-one when he committed the present offenses.

Waddoups denies having initiated the sexual acts with his thirteen-year-old stepdaughter and, in fact, insists that she is to blame. Waddoups also denies any involvement with the other children even though he pled guilty to the charges. He told the presentence investigator that he believes the sheriff's office bribed the two younger children into making these accusations against him. The record suggests otherwise. Moreover, the thirteen-year-old reported that Waddoups threatened to kill her if she told anyone about the incidents.

Waddoups asserts that the district court erred by sentencing him to imprisonment rather than allowing him to receive treatment and counseling, as recommended by the Intermountain Sexual Abuse Treatment Center. Waddoups argues that the district court, by ignoring the recommendation, failed to take into account the goal of rehabilitation when imposing a prison sentence on him. However, "[r]ehabilitation of the defendant is but one of the several sentencing objectives and, by itself, is not controlling." *State v. Bias,* 111 Idaho 129, 132, 721 P.2d 728, 731 (Ct.App.1986).

The primary goal of protecting society and the related goal of retribution are, by themselves, permissible grounds for incarceration. However, the district court must balance these goals against the defendant's potential for effective rehabilitation. *See State v. Stanfield,* 112 Idaho 601, 733 P.2d 822 (Ct.App.1987); *State v. Freeman,* 110 Idaho 117, 714 P.2d 86 (Ct.App.1986). Here, the district court acknowledged that, in the past, more effort should have been made to help Waddoups adjust to living in society. However, the district court noted that Waddoups previously was given several opportunities to attend treatment facilities and all efforts to rehabilitate him had been unsuccessful. The sentencing judge was also aware that this was not Waddoups' first attempt at sexual abuse. As noted earlier, when he was fourteen, Waddoups committed sodomy upon a nine-year old boy.

In an interview with the presentence investigator, Waddoups continued to deny any responsibility for sexually abusing his three stepchildren. These statements from the presentence report do not contradict the observations made by the therapists at the Intermountain Sexual Abuse Treatment Center. In their letter recommending treatment and counseling, the therapists acknowledge that Waddoups has difficulties admitting his responsibility for these acts. The therapists stated that if a patient continues to deny responsibility for his or her conduct, then the individual is usually unable to be effectively treated. The therapists noted that Waddoups had made some progress toward admitting his problems and they therefore recommended that Waddoups receive treatment at the state correctional facility at Cottonwood, in north Idaho. The district court then weighed the factors in favor of and against rehabilitation and determined that the sentencing goals of retribution and protection of society outweighed Waddoups' potential for rehabilitation.

Waddoups also argues that the district court erred when it failed to state the reasons why a fixed sentence of twenty years is required to protect society. However, our Supreme Court has held that judges are not required to give any reasons for their sentencing decisions. *State v. Nield,* 106 Idaho 665, 682 P.2d 618 (1987). In addition, the record does explain why a fixed sentence of twenty years was imposed. The district court noted that Waddoups' criminal propensities had been taking him in this direction for some time and that Waddoups posed a significant threat to society if released.

Waddoups also contends that the district court abused its discretion by imposing prison sentences longer than recommended by the state. However, unless the parties agree that the recommended sentence will be binding on the court and the court agrees to be bound by the recommendation, the state's recommendation to the district court is purely advisory. *State v. Bias, supra; State v. Rossi,* 105 Idaho 681, 672 P.2d 249 (Ct.App.1983). The recommendation in this case was purely advisory. The court's rejection of an advisory recommendation is not an abuse of discretion. *Id.* The final decision on what sentence to impose is left to the discretion of the district court. *State v. Rossi, supra.*

Accordingly, we hold that the district court did not abuse its discretion when sentencing Waddoups. The judgment of conviction and sentences are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.